1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8               **CENTRAL DISTRICT OF CALIFORNIA**
9                     **WESTERN DIVISION**
10
11   THOMAS F. DICKERSHAID,            )    No. CV 12-2206-GAF (PLA)
                                        )
12              Petitioner,             )    **ORDER ADOPTING FINDINGS,**
                                        )    **CONCLUSIONS AND RECOMMENDATION**
13        v.                            )    **OF UNITED STATES MAGISTRATE JUDGE**
                                        )
14   DANIEL PARAMO, Warden,            )
                                        )
15              Respondent.             )
                                        )
16   _____       )

17

18                        **INTRODUCTION**

19        On October 25, 2012, the United States Magistrate Judge issued a Report and

20   Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be

21   denied and the action dismissed with prejudice.  On November 26, 2012, petitioner filed

22   "Objections to the Magistrate[']s Findings and Recommendations" ("Objections"), and respondent

23   filed a Response to petitioner's Objections on December 6, 2012 ("Response").

24

25                         **DISCUSSION**

26        First, petitioner argues in his Objections that he is entitled to tolling from December 29,

27   2009, to February 12, 2010, i.e., during the pendency of his 2009 Petition (in Case No. CV 09-

28   9502-GAF (PLA)) because the Magistrate Judge denied his request for a stay and request for 60

1  days to amend that petition to add unspecified claims.  (Objections at 8-9; see Case No. CV 09-

2  9502-GAF (PLA), Docket No. 8).  However, as the Magistrate Judge advised petitioner in the

3  January 27, 2010, Order denying those requests, the pendency of a federal habeas petition does

4  not serve to toll the limitations period.  See Duncan v. Walker, 533 U.S. 167, 181-82, 121 S.Ct.

5  2120, 150 L.Ed.2d 251 (2001) (statutory tolling does not apply during the pendency of a federal

6  habeas petition).  This argument by petitioner therefore lacks merit.[1]

7      Next, petitioner contends that the Magistrate Judge improperly determined that petitioner

8  was not diligent during the 283 days between the time his 2009 Petition was dismissed and the

9  time he constructively filed his habeas petition in the Los Angeles County Superior Court (see

10  R&R at 12).  (Objections at 4, 6-7).  In support of this contention, petitioner first asserts that "a

11  petitioner has the right to file his writ at any time within the limitation period."  (Objections at 6).

12  To the extent that petitioner thereby asserts that he had a "right" to commence a round of state

13  collateral review at any time within the one-year period, petitioner is correct that a prisoner can do

14  so at any time during the one-year period and theoretically still file a timely federal petition upon

15  the conclusion of state collateral review.  However, the prisoner who waits until the last days of

16  the one-year period to pursue his state remedies takes the risk that, upon concluding exhaustion

17  of his state remedies, ordinary circumstances causing delays in his ability to file in federal court

18  may result in his federal petition being time-barred.  Such was the case here, and petitioner may

19

20      [1]   Petitioner also states in his Objections that he "believe[s] that when a writ is dismissed
21  without prejudice for the express purpose of returning to state court and not exhausting state
   remedies[,] the subsequent § 2254 action is not considered a second writ, but instead, a
22  continuation of the earlier petition," citing McWilliams v. State of Colorado, 121 F.3d 573 (10th Cir.
   1997).  (Objections at 5).  "As such," petitioner asserts, "the time the § 2254 action was pending
23  should be tolled."  (Id.)  To the extent that petitioner is contending that he should receive tolling
   for the entire period from December 29, 2009, when he filed the 2009 Petition, until February 29,
24  2012, when he constructively filed the instant Petition, McWilliams does not support his contention.
25  The McWilliams court stated that a federal habeas petition "is simply a continuation of [an] earlier
   [federal habeas] petition" in the following context: "a habeas petition filed after a prior petition is
26  dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or
   successive' application within the meaning of § 2244(b)(1)."  McWilliams, 121 F.3d at 575.
27  McWilliams did not hold that the AEDPA one-year limitations period is tolled from the time a
28  federal habeas petition is dismissed without prejudice for failure to exhaust state remedies until
   the time a subsequent federal petition is filed by the same prisoner.

1    not disavow the consequences of his decision to wait until three days remained in the limitations

2    period to file his habeas petition in the state superior court.  See Omar-Muhammad v. Williams,

3    17 Fed.Appx. 898, 900, 2001 WL 967793 (10th Cir. Aug. 24, 2001) (citable for its persuasive value

4    pursuant to United States Court of Appeals for the Tenth Circuit Rule 32.1(A), (C) (citing Fed. R.

5    App. P. 32.1)); Blount v. Biter, 2012 WL 3150943, at **7-8 (C.D. Cal. Aug. 2, 2012).  Petitioner

6    also objects to the Magistrate Judge's citations to Omar-Muhammad and Blount (see R&R at 12-

7    13) on the basis that "unpublished opinions cannot constitute precedential authority," and on the

8    basis that "reliance on these cases is misplaced" because petitioner "diligently pursued his action"

9    for the ten and one-half months during which he was pursuing state collateral review. (Objections

10   at 7).  However, the Report and Recommendation assumed for the purpose of respondent's

11   Motion to Dismiss that the one-year limitations period was statutorily tolled during the pendency

12   of petitioner's state petitions and in between his filings thereof (see R&R at 8), and thus any

13   "diligence" by petitioner during that period is not relevant to whether he was diligent during the 283

14   days before he filed his state habeas petition in the superior court.  Moreover, the Magistrate

15   Judge cited Omar-Muhammad and Blount not for their precedential authority, but for their

16   persuasive value on the issue of diligence.  (See R&R at 12-13).

17          Third, petitioner asserts that the Magistrate Judge incorrectly determined that petitioner did

18   not demonstrate diligence in the period leading up to and following the confiscation of his box of

19   legal materials.  In support of this assertion, petitioner first argues that he did not contribute to his

20   legal materials being confiscated because Section 3161 of Title 15 of the California Code of

21   Regulations permits inmates to "possess up to one cubic foot of legal materials/documents related

22   to their active cases, in excess of the six cubic feet of allowable property in their assigned

23   quarters/living area" (Cal. Code Regs., tit. 15, § 3161).  (See Objections at 4).  Petitioner contends

24   that "[t]here is zero factual evidence to support the finding that petitioner[']s possession of 1 cubic

25   foot of legal materials in excess of 6 cubic feet of other personal property was in any way a rule

26   violation," and thus "'prior notice' that staff intended to violate their own regulations required no

27   action by petitioner." (Id.)  Petitioner's argument is unpersuasive.  To the extent that, at the time

28   his box of legal materials was confiscated, petitioner was aware of Section 3161's allowance for

1  one cubic foot of legal property in addition to the six cubic feet of personal property allowed an

2  inmate, petitioner could have brought the regulation to the confiscating officer's attention.

3  However, petitioner does not assert in the Petition, the Opposition to the Motion to Dismiss, or the

4  Objections that he protested the confiscation of his box of legal materials on the basis of Section

5  3161.  On the other hand, to the extent that petitioner was not aware of Section 3161 at the time

6  of the confiscation, he has not alleged that he requested to keep his box of legal materials **within**

7  the allowed six cubic feet of personal property, and have one cubic foot of other property

8  confiscated in its place.  As such, petitioner has not demonstrated that, simply because Section

9  3161 states that an inmate is allowed to keep one cubic foot of legal property in his cell in excess

10  of the allowable six cubic feet of personal property, petitioner's diligence in pursuing his rights

11  "required no action" on his part to seek to prevent the confiscation of his legal materials.

12      Petitioner also objects to the Magistrate Judge's conclusion that petitioner was not diligent

13  during the five months he was waiting for his box to be returned to him, as demonstrated by his

14  failure to file a basic form petition during that time.  (See R&R at 13).  Petitioner asserts that he

15  wrote none of the briefs in his case himself and "could not put together a bare-bones writ even with

16  the confiscated records." (Objections at 8).  As respondent points out, however, petitioner "had

17  the opportunity to keep the copy of his federal habeas petition free from confiscation, but failed

18  to do so." (Response at 5).  Indeed, petitioner has presented no evidence that he attempted to

19  take the copy of the federal habeas petition he had prepared out of the box of legal paperwork

20  before the box was confiscated, but was prevented from doing so.  As such, this objection also

21  fails to establish that petitioner was in fact diligently pursuing his rights during the period leading

22  up to and following the confiscation.

23      Accordingly, after full consideration of the arguments and allegations in petitioner's

24  Objections, the Court concludes as follows:

25  /

26  /

27  /

28  /

**CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, petitioner's Objections thereto, and respondent's Response to petitioner's Objections.  The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.     The Report and Recommendation is adopted.

2.     Respondent's Motion to Dismiss is granted.

3.     Judgment shall be entered consistent with this order.

4.     The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED:  December 20, 2012

_____
HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE